## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANDREW B. REHMAN, | DOCKET NUMBER |
| Appellant, | DA-315H-20-0337-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE:  June 10, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas F. Muther, Jr., Esquire, Denver, Colorado, for the appellant.

Joseph P. Kinlin, Esquire, Fort Sam Houston, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons set forth below, we VACATE the administrative judge's finding that the appellant's service with the Department of the Air Force cannot count toward the completion of his probationary period, and we AFFIRM the initial decision as MODIFIED to clarify and supplement the administrative judge's jurisdictional analysis. Except as expressly indicated in this Final Order, the initial decision of the administrative judge is the Board's final decision.

On petition for review, the appellant reasserts his argument that he is an "employee" with adverse action appeal rights under 5 U.S.C. § 7511(a)(1)(A)(i) because he can "tack on" his prior Federal civilian service with the agency to complete his 2-year probationary period. Petition for Review File, Tab 1 at 6-8; Initial Appeal File (IAF), Tab 7 at 5-7. For the following reasons, we modify the initial decision to clarify and supplement the administrative judge's analysis regarding this jurisdictional issue.

The appellant made nonfrivolous allegations[2] that he performed the following periods of Federal civilian service: (1) from July 24, 2017, through July 7, 2018, he served over 11 months with the agency under a time-limited appointment; (2) from July 8, 2018, through January 5, 2019, he served approximately 6 months with the Department of the Air Force under a

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

career-conditional appointment (subject to the completion of a 2-year probationary period beginning on July 8, 2018); and (3) from January 6, 2019, until his termination on February 6, 2020, he served approximately 13 months with the agency after being transferred from the Department of the Air Force. IAF, Tab 7 at 8-13, Tab 10 at 29, 34-39, Tab 12, Initial Decision (ID) at 2.

Under 5 C.F.R. § 315.501, an agency may appoint by transfer to a competitive service position, without a break in service of a single workday, a current career or career-conditional employee of another agency. *See Park v. Department of Health and Human Services*, 78 M.S.P.R. 527, 532 n.2 (1998). Under 5 C.F.R. § 315.801(b), a person who is transferred under 5 C.F.R. § 315.501 before he has completed probation is required to complete the probationary period in the new position. *Park*, 78 M.S.P.R. at 532 n.2. Here, the Standard Form 50 documenting the appellant's January 6, 2019 transfer from the Department of the Air Force to the agency reflects that he was transferred under 5 C.F.R. § 315.501 and that his appointment was subject to the completion of the 2-year probationary period, beginning on July 8, 2018. IAF, Tab 7 at 13, Tab 10 at 34-35. Thus, we find that the appellant has made a nonfrivolous allegation that he was transferred to the agency under 5 C.F.R. § 315.501 before he completed his 2-year probationary period that began on July 8, 2018. We further find that, under 5 C.F.R. § 315.801(b), such a transferee is required to complete his probationary period with the agency after being transferred. Therefore, we vacate the administrative judge's finding that the appellant's service with the Department of the Air Force cannot count toward the completion of his probationary period because it was not performed with the same agency. ID at 6. Instead, we find that the appellant made nonfrivolous allegations that he performed probationary service beginning with his July 8, 2018 career-conditional appointment to the Department of the Air Force, continuing with his January 6, 2019 transfer to the agency, and ending with his February 6, 2020 termination from the agency. However, such probationary service of

approximately 19 months was insufficient to complete the 2-year probationary period.

In addition, we modify the initial decision, as follows, to clarify and supplement the administrative judge's analysis regarding whether the appellant can "tack on" his prior service with the agency to complete his probationary period. Under 5 C.F.R. § 315.802(b), prior Federal civilian service counts toward completion of probation when the prior service (1) is in the same agency, (2) is in the same line of work, and (3) contains or is followed by no more than a single break in service that does not exceed 30 calendar days. Here, it is clear that the appellant could not have "tacked on" his prior service with the agency when he first began his probationary period (upon his career-conditional appointment to the Department of the Air Force) because his prior service was not performed in the same agency. *See, e.g.*, *Francis v. Department of the Navy*, 53 M.S.P.R. 545, 547-51 (1992) (finding that the appellant's prior service in the Department of the Army could not be credited toward the completion of the probationary period that she had begun when she was appointed by the Department of the Navy). The appellant has failed to provide, and we have not found, any legal authority or case law to support the proposition that a subsequent event, such as his transfer to the agency, could lead to a different result.

Accordingly, we affirm the dismissal of this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.